UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KAAZIM A. COOPER,

                          Plaintiff,

              -against-

BRYANT ET AL,

                          Defendants.

24cv6082 (LTS)

ORDER DIRECTING PAYMENT OF FEES
OR IFP APPLICATION

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated at Elmira State Correctional Facility, brings this

action *pro se*. Within thirty days of the date of this order, Plaintiff must either pay the $405.00 in

fees that are required to file a civil action in this court or submit a completed request to proceed

*in forma pauperis* (IFP), that is, without prepayment of fees.

To proceed with a civil action in this Court, a prisoner must either pay $405.00 in fees – a

$350.00 filing fee plus a $55.00 administrative fee – or, to request authorization to proceed

without prepayment of fees, submit a signed IFP application and a prisoner authorization. *See* 28

U.S.C. §§ 1914, 1915. If the Court grants a prisoner's IFP application, the Prison Litigation

Reform Act requires the Court to collect the $350.00 filing fee in installments deducted from the

prisoner's account.[1] *See* 28 U.S.C. § 1915(b)(1). A prisoner seeking to proceed in this Court

without prepayment of fees must therefore authorize the Court to withdraw these payments from

his account by filing a "prisoner authorization," which directs the facility where the prisoner is

incarcerated to deduct the $350.00 filing fee from the prisoner's account in installments and to

send to the Court certified copies of the prisoner's account statements for the past six months.

---

[1] The $55.00 administrative fee for filing a civil action does not apply to persons granted IFP status under 28 U.S.C. § 1915.

*See* 28 U.S.C. § 1915(a)(2), (b).

Plaintiff submitted the complaint with a prisoner authorization but without a completed IFP application. Within thirty days of the date of this order, Plaintiff must either pay the $405.00 in fees or submit the attached IFP application. If Plaintiff submits the IFP application, it should be labeled with docket number 24-CV-6082 (LTS).[2]

No summons shall issue at this time. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:    August 14, 2024
          New York, New York

                                   /s/ Laura Taylor Swain
                                   LAURA TAYLOR SWAIN
                                   Chief United States District Judge

---

[2] Plaintiff is cautioned that if a prisoner files a federal civil action or appeal that is dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, the dismissal is a "strike" under 28 U.S.C. § 1915(g). A prisoner who receives three "strikes" cannot file federal civil actions IFP as a prisoner, unless he is under imminent danger of serious physical injury, and he must pay the filing fees at the time of filing any new action.